James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff Jaime Gonzalez,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and on behalf of himself and all others similarly situated, | Case No. 5:22-cv-00315 CJC (SHKx) |
| | [Riverside County Superior Court Case No. CVRI12105278]] |
| Plaintiff, | Assigned to the Hon. Cormac J. Carney |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| PROBUILD COMPANY, LLC, a Delaware limited liability company, doing business as DIXIELINE LUMBER & HOME CENTERS; BUILDERS FIRSTSOURCE, INC., entity type unknown; and DOES 1-50, inclusive, | **1)** **Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures [15 U.S.C. § 1681b(b)(2)(A)(i)];** |
| | **2)** **Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization [15 U.S.C. § 1681b(b)(2)(A)(ii)];** |
| Defendants. | **3)** **Failure to Make Proper Disclosure [California Civil Code §1786 et seq., Investigative Consumer Reporting Agencies Act];** |
| | **4)** **Failure to Make Proper Disclosure [California Civil Code §1785.1 et seq., California Consumer Credit Reporting Agencies Act];** |
| | **5)** **Failure to Pay Minimum Wages;** |
| | **6)** **Failure to Pay Overtime Owed;** |
| | **7)** **Failure to Provide Lawful Meal** |

Periods;

8)  **Failure to Timely Pay Wages Owed Upon Separation From Employment;**

9)  **Payment of Wages Earned with a Gift Card in Violation of Labor Code sections 212 and 450;**

10) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;**

11) **Violation of the Unfair Competition Law;**

12) **Failure to Reimburse Necessary Expenses**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff JAIME GONZALEZ ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants BFS GROUP, LLC, a Delaware limited liability company formerly known as PROBUILD COMPANY, LLC, a Delaware limited liability company doing business as DIXIELINE LUMBER & HOME CENTERS; and BUILDERS FIRSTSOURCE, INC., entity type unknown; and DOES 1-50, inclusive (collectively "Defendants" or "ProBuild") as follows:

## INTRODUCTION

1.      This is a Class Action pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3).  The California Labor Code and wage and hour claims are brought on behalf of Plaintiff and any and all persons who are or were employed by Defendants as non-exempt, hourly employees in the State of California at any time from October 4, 2020 through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".).

2.      Plaintiff also brings a Class Action as to the background/credit check

claims set forth herein against Defendants under the Fair Credit Reporting Act ("FCRA") on behalf of himself and all prospective employees and/or employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, were required to submit to a background check during the relevant period from November 19, 2016 to the present.  (referred to as the "FCRA Class").

3.     The claims stated under the California Investigative Consumer Reporting Agencies Act ("ICRAA")(Cal Civ. Code §1786 et seq.), and the California Consumer Credit Reporting Agencies Act, ("CCRAA"), Civ. Code §1785.1 et seq. are brought on behalf of himself and all prospective employees and/or employees employed by, or formerly employed by Defendants in California who, as a condition of employment, were required to submit to a background check during the relevant period from November 19, 2016 to the present.  (referred to as the "ICRAA or CCRAA Class").

4.     Plaintiff alleges that during the relevant time period, Defendants improperly conducted background checks, conducted background checks without proper authorization, conducted unwarranted background checks, and obtained background checks on Plaintiff and Class Members when they applied for employment in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., the California Investigative Consumer Reporting Agencies Act ("ICRAA")(Cal Civ. Code §1786 et seq.), the California Consumer Credit Reporting Agencies Act, ("CCRAA"), Civ. Code §1785.1 et seq.

5.     The FCRA, ICRAA, and CCRAA Classes are broader than the Class and includes the Class but is not limited to the Class.

6.     The FCRA, ICRAA, and CCRAA Classes include the members of the Class, as well as other prospective employees, employees, and former employees of Defendants throughout California and the United States during the relevant time period.

- 2 -
FIRST AMENDED COMPLAINT

7.      Plaintiff, individually and on behalf of the FCRA, ICRAA, and CCRAA Classes, seeks compensatory and statutory damages, penalties, and punitive damages due to Defendants' systematic and willful violations of the FCRA, ICRAA, and CCRAA.

8.      As to the wage and hour claims, Plaintiff alleges that Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal breaks; and timely payment of wages at termination.  Plaintiff alleges that all non-exempt employees in the state of California during the relevant time period were similarly impacted by Defendants' violations of the Labor Code and wage orders.

9.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

10.      In addition, Plaintiff alleges upon information and belief, during the relevant time period, Defendants improperly conducted background checks and obtained consumer credit reports on Plaintiff and FCRA Class Members when they applied for employment and during employment in violation of Labor Code § 1024.5, Civ. Code §§1785.1 et seq., 1786 et seq. and 15 USC §1681 et seq.

11.      Plaintiff, individually and on behalf of the FCRA Class, seeks compensatory and statutory damages, penalties, and punitive damages due to Defendants' systematic and willful violations of the FCRA.

12.      Plaintiff, on behalf of himself and others similarly situated, pursuant to

Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay to Plaintiff and Class Members all of their wages, including bonuses, incentives, overtime and premium wages.

<u>**JURISDICTION AND VENUE**</u>

13.    This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Central District of California on diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

14.    Venue is proper in the Central District of California because the case was removed from the Superior Court of Los Angeles.  In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

<u>**PARTIES**</u>

15.    Defendant ProBuild Company, LLC is a Delaware limited liability company doing business as Dixieline Lumber & Home Centers in the state of California.  It is based at 2001 Bryan Street, Suite 1600, Dallas, TX 75201.

16.    Plaintiff is informed and believes that Defendant BFS Group LLC is formerly known as Pro Build Company LLC, and is the successor to ProBuild Company, LLC.

17.    Defendant Builders FirstSource is an entity of unknown type doing business in the state of California.  It is also based at 2001 Bryan Street, Suite 1600, Dallas, TX 75201.

18.    Upon information and belief, Defendants employ Non-Exempt Employees, like Plaintiff, throughout the State of California.

19.    Plaintiff Jaime Gonzalez is and during the liability period has been, a resident of California.

- 4 -

FIRST AMENDED COMPLAINT

20.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

21.     Plaintiff and the members of the putative Class of Non-Exempt Employees were employed by Defendants as non-exempt employees, however titled, working for Defendants' in the State of California within the four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit.

22.     Plaintiff and the members of the FCRA Class are all prospective employees and/or current employees employed by, or formerly employed by Defendants who, as a condition of employment, were required to submit to a background check in the United States at any time during the period beginning five years prior to the filing of this Complaint to the present.

23.     Plaintiff and the members of the ICRAA and CCRAA Classes are all prospective employees and/or current employees employed by, or formerly employed by Defendants in California who, as a condition of employment, were required to submit to a background check at any time during the period beginning seven years prior to the filing of this Complaint to the present.

24.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

25.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

26.     Plaintiff is informed and believes, and thereon allege, that the Doe

Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

27.    Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

28.    During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

29.    Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

30.    During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position.  He worked as a Material Handler/Assembler approximately six days a week and typically ten hours per day.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and

advisors with knowledge of the requirements of California's wage and employment laws.

32.    All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

33.    Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.  However, Plaintiff and the Class Members were not paid for all hours worked as they were often required to work off the clock to perform duties and job-related tasks, as well to respond to Defendants' demands and job-related inquiries (including during purported meal periods).

34.    Plaintiff alleges that during the October to November 2020 timeframe, his meal period was interrupted on at least three occasions and he was not compensated for the time spent responding to Defendants' demands.  Plaintiff further alleges, upon information and belief, that other Class Members were subject to the same policies and practices which led to frequent interruptions of meal periods.

35.    In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

36.    Plaintiff and, upon information and belief, the Class Members received non-discretionary gift cards, incentives, and other forms of remuneration for meeting certain markers, goals, or productivity requirements as a matter of Defendants' policy and practice.

37.    By way of example only, Defendants informed Plaintiff and the Class Members that they would receive a bonus for meeting certain productivity benchmarks/goals.   Plaintiff did, in fact, receive a gift card as bonus or incentive for meeting certain productivity benchmarks/goals in November 2020.  Other Class

Members also received gift cards and bonuses/incentives for achieving certain productivity benchmarks/goals at the same time.  These sums constitute non-discretionary compensation that should have been factored into the regular rate of pay, but were not incorporated into the regular rate.

38.    Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including differentials, gift cards, and incentives, for Plaintiff and, upon information and belief, for the Class Members.

39.    Moreover, the amount of the gift cards and incentives were not reflected on Plaintiff's and, upon information and belief, the Class Members' wage statements.

40.    Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, over ten hours in a day without being provided a second lawful meal period as required by law.

41.    Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law.  Not only were Plaintiff's and the Class Members' first meal breaks frequently not provided, untimely or short, but also Plaintiff and the Class Members were not provided a second meal period when working shifts in excess of 10 hours and in excess of 12 hours.

42.    Plaintiff and, upon information and belief, the Class Members were interrupted by demands from Defendants to resume work or respond to inquiries during meal periods at least once a month.

43.    Upon information and belief, Defendants interrupted said meals because they did not staff a sufficient number of employees to allow Plaintiff and the Class Members to have a timely duty-free meal period during said times.

44.    On information and belief, Plaintiff and Class Members did not waive their rights to a first or second meal period.

45.    Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

46.    By way of example only, as indicated above, Plaintiff and the Class Members received gift cards and incentive payments, including during the time period of November 1, 2020 to November 18, 2020.  The gift card and incentive payments were non-discretionary compensation for meeting certain benchmarks or productivity goals.  Thus, they should have been factored into the regular rate.  However, these sums were not factored into the regular rate for Plaintiff and the Class Members.  Accordingly, premiums were underpaid.

47.    On occasion, when meal periods were not lawfully provided, Plaintiff and the putative class were paid meal period premiums.    Indeed, Plaintiff was apparently paid 2 hours of meal period premium time during the pay period identified as 10/31/2021 to 11/13/2020.  Again because the non-discretionary sums were not factored into the regular rate, premiums were underpaid as a matter of policy and practice for Plaintiff and the putative Class Members.

48.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

49.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

50.    Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions

due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

51.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including straight time, overtime, meal period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

52.    In addition to any derivative violation under Labor Code section 201-202 for failure to pay all wages owed at terminations, Defendants failed to pay Plaintiff and the Class Members all wages owed at the time of termination as required by law and did not pay waiting time penalties.

53.    By way of example, Plaintiff was terminated in person on or about November 18, 2020.  He did not receive his last paycheck on the same day he was terminated.  Rather, as a function of Defendants' policies and practices, the company mailed the paycheck to him several days later in violation of the requirements of Labor Code sections 201-202.

54.    Plaintiff is informed and believes that Defendants' failure to pay wages at owed at the time of termination is based upon Defendants' policies, procedures, and practices.  Accordingly, Plaintiff is informed and believes that the other Class Members were subject to the same violations.

55.    Moreover, despite this failure to timely pay wages at termination, Defendants failed to pay waiting time penalties as required by Labor Code section

203.

56.    Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

57.    Moreover, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including without limitation driving time and mileage, but were not reimbursed for such necessary expenses.

## CLASS ACTION ALLEGATIONS

58.    Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

59.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

60.    The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendants as hourly paid, non-exempt employees in the State of California at any time from October 4, 2020 through resolution or trial of the matter.**    (hereinafter collectively referred to as the "Class" or "Class Members").

61.    Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

    a.    All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

    b.    All Class Members who received gift cards for meeting certain productivity benchmarks or goals (collectively "**Gift Card Subclass**");

    c.    All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass**");

    d.    All Class Members who worked more than five (5) hours in a

workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

e.    All Class Members who worked more than ten hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

f.    All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

g.    All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

h.    All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

i.    All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**").

62.    Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

63.    As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the

Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a.    <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.    Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

b.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c.    <u>Commonality:</u>  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.    These common questions of law and fact include, without limitation:

i.    Whether Defendants ran unlawful background checks on Class Members;

ii.    Whether Defendants accurately paid Class Members for all hours worked;

iii.    Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

iv.    Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

v.     Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

vi.     Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

vii.     Whether Defendants accurately calculated meal period premiums;

viii.     Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

ix.     Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

x.     Whether Defendants violated Labor Code section 212 or 450 by providing gift cards as bonuses or incentives for meeting productivity benchmarks/goals;

xi.     Whether Defendants omitted required information from itemized wage statements;

xii.     Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

xiii.     Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

xiv.     Whether Defendants' conduct was willful and/or reckless;

xv.     Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

xvi.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law;

xvii.    Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802.

d.    <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' unlawful background checks, failure to provide lawful background check disclosures and obtain lawful authorizations, failure to provide lawful meal periods, failure to provide accurate wage statements, failure to provide sick leave, failure to timely pay wages at termination, failure to reimburse necessary expenses, failure to pay minimum wages, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.    <u>Public Policy Considerations</u>:    Employers in the state of California violate employment and labor laws every day.   However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring

employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

### FCRA/ICRAA/CCRA CLASS ALLEGATIONS

64.    Plaintiff alleges that Defendants violated the Fair Credit Reporting Act 15 U.S.C. §1681, et seq. ("FCRA").  Plaintiff asserts these claims arising under the FCRA on a class-wide basis.

65.    The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA provides that an employee or a prospective employee must give valid consent to the background check before it is run.  The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check.  Importantly, no extraneous information can be attached or included on the consent form.  The authorization and disclosure must stand alone.

66.    As a Material Handler or Assembler, Plaintiff did not deal with cash totaling at least $10,000 per day.  He also did not have access to any of the following concerning employees or customers of the company:  bank/credit card information, social security numbers, or dates of birth.    Plaintiff is informed and believes that certain other members of the putative ICRAA/CCRAA class were similarly situated. Thus, Plaintiff defines a subclass of said employees ("**Labor Code 1024.5 subclass**")

67.    As such, a background check and/or credit check were not warranted under Labor Code section 1024.5 for such employees.

68.    In violation of 15 U.S.C. § 1681b(b)(2), Defendant failed to provide proper disclosures to employees and applicants prior to causing such background checks and consumer reports to be procured, and failed to secure requisite authorizations prior to conducting such background checks.

69.    An employer or prospective employer violates FCRA's standalone document requirement by including extraneous information in that disclosure. *Gilberg v. Cal. Check Cashing Stores, Ltd. Liab. Co.,* 913 F. 3d 1169, 1171 (9th Cir. 2019).

70.    Plaintiff alleges, upon information and belief, that in violation of 15 U.S.C. §1681b(b)(2)(A)(ii), Defendant has obtained consumer reports without providing proper disclosures and without proper authorization and consent as required by the FCRA.  This triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report for without a valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

71.    Plaintiff brings the First and Second Causes of Action on behalf of the proposed **FCRA Class**, defined as all prospective employees and/or employees employed by, or formerly employed by Defendants in the United States who, as a condition of employment, were required to submit a background check at any time during the period beginning five (5) years prior to the filing of the initial Complaint and ending on the date as determined by the Court (**the "FCRA CLASS"**).

72.    The ICRAA and CCRAA subclasses are a California subset of the FCRA Class.

73.    To the extent equitable tolling operates to toll claims by the FCRA CLASS against Defendants, the FCRA CLASS PERIOD as specified in the preceding paragraph should be adjusted accordingly.

74.    Defendants, as a matter of corporate policy, practice and procedure, and in violation of the Fair Credit Reporting Act 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendants uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without proper disclosures or valid authorization to do so.

75.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

76.    Defendants uniformly violated the rights of the FCRA CLASS by violating The Fair Credit Reporting Act 15 U.S.C. §1681, et seq., by (a) unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained consumer reports on prospective employees without first obtaining valid authorization consents; (b) failing to make proper, clear and conspicuous disclosures; (c) violating FCRA's standalone document requirement by including extraneous information in the disclosure (to the extent any such disclosure was made); (d) failing to make clear and conspicuous disclosures; (e) failing to obtain proper authorizations; and (f) illegally procuring consumer reports, credit and background reports.

77.    As a result of Defendants' violations, Plaintiff and, upon information and belief the FCRA Class Members were confused regarding the nature of their rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report.

78.    Plaintiff alleges, upon information and belief, Defendants acted willfully in a deliberate manner or in reckless disregard of the obligations imposed by the FCRA, and the rights of applicants and employees.  The willfulness of Defendants' conduct is demonstrated, in part, by:

     a.    Defendants' practices were carried out in the manner that Defendant intended and not by mere accident or mistake.

     b.    The statutory language and mandates restricting and governing Defendants' business and practice of conducting background, credit, and consumer checks have been in effect for decades.

     c.    Defendants' conduct was at least reckless in failing to make an appropriate and effective effort to ascertain and comply with the FCRA provisions governing their conduct.

d.    Defendants knew or should have known about their legal obligations under the FCRA, as these obligations are well established in the law and large corporations (like Defendants) have access to legal counsel and written materials to apprise it of its duties under the FCRA.

e.    Upon information and belief, Defendants knew or should have known that they were required to make such proper, clear and conspicuous disclosures to FCRA CLASS MEMBERS and/or that its background check forms should not include extraneous information that is prohibited by the FCRA.

f.    Despite the clear notice of the law, full ability to comply and ample opportunity, Defendants failed to provide proper, clear and conspicuous disclosures and use legally compliant background check forms.

79.    Nevertheless, Defendants acted in deliberate disregard of their obligations and the rights of Plaintiff and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

80.    As a result of Defendants' illegal procurement of consumer reports by way of their inadequate disclosures, Plaintiff and the FCRA CLASS have been damaged including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA, and suffering increased risk of identity theft and fraud.

81.    Defendants' failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC,* 853 F.3d 492, 499 (9th Cir. 2017).

82.    Defendants' failure to provide a compliant disclosure, and failure to obtain proper authorization, also deprived Plaintiff and others similarly situated of their respective abilities to meaningfully authorize their reports.

83.    In addition, Defendant procured valuable information with economic value relevant to members of the FCRA CLASS through these unlawful background checks without having lawful authorization to obtain such information.

84.    Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited to, the following:

      a.    Whether Defendants required the FCRA CLASS Members to sign a background check disclosure and authorization forms;

      b.    Whether Defendants' background check disclosure and authorization forms (to the extent there were any) comply with the FCRA;

      c.    Whether Defendants violated the FCRA by including surplusage and/or extraneous information in its background check disclosure and authorization forms;

      d.    Whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

      e.    Whether Defendants violated the FCRA by procuring consumer report information without valid authorizations;

      f.    Whether Defendants' violations of the FCRA were willful;

      g.    The proper measure of statutory damages and punitive damages.

85.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action in that:

      a.    The persons who comprise the FCRA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.    The members of the FCRA CLASS are readily ascertainable from Defendants' business records.

c.    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the FCRA CLASS will apply uniformly to every member of the FCRA CLASS;

d.    The claims of the representative Plaintiff are typical of the claims of each member of the FCRA CLASS. Plaintiff, like all the other members of the FCRA SUBCLASS, had a background/consumer report obtained on his behalf by Defendants prior to obtaining valid authorization to do so in violation of the FCRA as described herein.  Plaintiff and the members of the FCRA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by Defendants; and

e.    The representative Plaintiff will fairly and adequately represent and protect the interest of the FCRA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the FCRA CLASS that would make class certification inappropriate. Counsel for the FCRA CLASS will vigorously assert the claims of all employees in the FCRA CLASS.

86.    In addition, the prosecution of separate actions will create the risk of inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or, adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of

1  interests of the other members not party to the adjudication or substantially impair

2  or impede their ability to protect their interests.

3      87.    Common questions of law and fact exist as to members of the FCRA

4  CLASS, with respect to the practices and violations of the FCRA set forth above,

5  and predominate over any question affection only individual FCRA CLASS

6  Members, and a Class Action is superior to other available methods for the fair and

7  efficient adjudication of the controversy.

8      88.    A Class Action is superior to other available methods for the fair and

9  efficient adjudication of this litigation because class treatment will obviate the need

10  for unduly and unnecessary duplicative litigation that is likely to result in the

11  absence of certification of this Action.

12      89.    In the context of employment litigation because as a practical matter a

13  substantial number of individual FCRA CLASS Members will avoid asserting their

14  legal rights out of fear of retaliation by Defendant, which may adversely affect an

15  individual's job with Defendant or with a subsequent employer, the Class Action is

16  the only means to assert their claims through a representative.

17                    **<u>CLASS ACTION CLAIMS</u>**

18                    **FIRST CAUSE OF ACTION**

19  **<u>FOR FAILURE TO MAKE PROPER DICLOSURE IN VIOLATION OF</u>**

20      **<u>THE FCRA [15 U.S.C. §1681b(b)(2)(A)(i), ET SEQ.]</u>**

21      **(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

22      90.    PLAINTIFF, and the other members of the FCRA CLASS, reallege

23  and incorporate by this reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25      91.    15 U.S.C. §1681b(b)(2)(A)(i) provides that:

26  A person may not procure a consumer report, or cause a consumer report to
    be procured, for employment purposes with respect to any consumer, unless

27  –

28  (i) a clear and conspicuous disclosure has been made in writing to the
    consumer at any time before the report is procured or caused to be procured,

in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

92.    Defendants failed to provide standalone clear and unambiguous disclosures to Plaintiffs and the FCRA Class Members in standalone documents. To the extent any disclosures were provided, they were laden with extraneous information.

93.    Defendants violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by failing to make proper disclosure to Plaintiff and members of the FCRA CLASS as required by the statute before the report is procured or caused to be procured.

94.    The violations of the FCRA were willful.

95.    Upon information and belief, Defendants knew that it was required to make required disclosure to FCRA Class Members and/or that its background check forms should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and other FCRA Class Members under 15 U.S.C. §1681b(b)(2)(A)(i).

96.    Plaintiff and the other FCRA Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

97.    Plaintiff and FCRA Class Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

98.    Plaintiff and FCRA Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN**

**VIOLATIONS OF THE FCRA [15 U.S.C. §1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

99.     Plaintiff, and the other members of the FCRA Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other FCRA Class Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

101.    The violations of the FCRA were willful.  Defendants acted in deliberate disregard of its obligations and the rights of Plaintiff and other FCRA Class Members under 15 U.S.C. §1681b(b)(2)(A)(ii).

102.    Plaintiff and the FCRA Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1(A).

103.    Plaintiff and the FCRA Class Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

104.    Plaintiff and the FCRA Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**THIRD CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

**(CAL. CIV. CODE §1786 ET SEQ.)**

**(By Plaintiff and the ICRAA SUBCLASS Against All Defendants)**

105.    Plaintiff incorporates all paragraphs of this Complaint is if fully alleged herein.

106.    Defendants are "persons" as defined by Section 1786.2(n) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

107.  Plaintiff and ICRAA SUBCLASS members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

108.  Section 1786.2(c) of the ICRAA defines "investigative consumer report" as: a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

109.  Thus, a background check qualifies as an investigative consumer report under the ICRAA.

110.  Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i)    An investigative consumer report may be obtained.

(ii)   The permissible purpose of the repot is identified.

(iii)  The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)   Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)    Notifies the consumer in writing of the nature and scope of the investigation requests, including a summary of the provisions of Section 1786.22.

(vi)   Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in the clause (iv), or, if the agency has no Internet Web site address, the telephone number of the

agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20…

(C) the consumer has authorized in writing the procurement of the report.

111.   As described above, Plaintiff alleges that in evaluating him and other ICRAA SUBCLASS members for employment or during employment, Defendants procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code §1786.2(c).

112.   To the extent any disclosures were provided, the purported disclosures provided by Defendants to Plaintiff and the ICRAA SUBCLASS do not provide the information required by statute and are not clear and unambiguous disclosures in stand-alone documents.  Thus, they do not meet the requirements under the law.

113.   Under the ICRAA, it is unlawful to procure or cause to be procured, a consumer report investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report.  Cal. Civ. Code §1786.16(a)(2)(B)-(C).  The failure to include all relevant information and the inclusion of extraneous information, therefore, violates the statute.

114.   Upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above.  Pursuant to the policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a valid written disclosure and obtaining consent in compliance with §1786.16(a)(2)(B) of the ICRAA, as described above.

115.   Defendants' conduct in violation of §1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and ICRAA SUBCLASS members.

116.   As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and ICRAA SUBCLASS members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

117.   Plaintiff and behalf of himself and all ICRAA SUBCLASS members, seeks all available remedies pursuant to Cal. Civ. Code §1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

118.   In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code §1786.50(a), including actual damages and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA (CAL. CIV. CODE §1785 ET SEQ.)**

**(By Plaintiff and the CCRAA SUBCLASS Against All Defendants)**

119.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleges herein.

120.   Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

121.   Plaintiff and CCRAA SUBCLASS members are "consumers" within the meaning of Section 1785.3(b) of the CCRAA, because they are "natural individuals."

122.   Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

Any written, oral, or other communication or any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for:…(2) employment purposes…

123.   Thus a credit report qualifies as a consumer credit report under the CCRAA.

124.   Section 1785.20(a) of the CCRAA provides, in relevant part:

Prior to requesting a consumer credit report for employment purposes, the use of the report shall provide written notice to the person involved.  The notice shall inform the person that a report will be used, and shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.  The notice shall also inform the person of the source of the report, and shall contain a box that the person may check off to receive a copy of the credit report.  If the consumer indicates that he or she wishes to receive a copy of the report, the user shall request that a copy be provided to the person when the use requests its copy from the credit reporting agency.  The report to the user and to the subject person shall be provided contemporaneously and at no charge to the subject person.

125.   As described above, Plaintiff alleges that in evaluating him and other CCRAA SUBCLASS members for employment or during employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

126.   The notice provided to Plaintiff and the CCRAA SUBCLASS members in connection with this consumer credit report failed to comply with the requirements for the CCRAA by, inter alia, failing to identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report;

failing to include a box for CCRAA SUBCLASS members to check to obtain a copy of the report; and failing to provide a copy of said report as required by law.

127.   This constitutes a violation of the Civil Code section 1785.20.5.

128.   In addition, Plaintiff contends that Defendants violated California law by procuring background checks on employees in violation of Labor Code 1024.5, as Plaintiff and certain members of the CCRAA Class did not work in one of the covered positions for which the pulling of a consumer credit report was authorized or meet the criteria set forth in the statute.

129.   Accordingly, upon information and belief, Plaintiff alleges that Defendants have a policy and practice of obtaining unlawful background checks on employees like Plaintiff and the CCRAA Class Members.

130.   In addition, upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees and obtaining proper authorizations, before, procuring credit reports or causing credit reports to be procured as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit report to be procured for Plaintiff and CCRAA SUBCLASS members without first providing a written notice in compliance with §1785.20.5(a) of the CCRAA, as described above.

131.   Defendants' conduct in violation of §1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.

132.   As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

133.   Plaintiff, on behalf of himself and all CCRAA SUBCLASS members, seeks all available remedies pursuant to Cal. Civ. Code §1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

134.   In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violation were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code §1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

**(By Plaintiff and the Class Against Defendants)**

135.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

136.   Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

137.   Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

138.   Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

139.   Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under

1  conditions prohibited by the IWC Wage Order(s).

2      140.   The applicable wage orders and California Labor Code sections 1197

3  and 1182.12 establish the right of employees to be paid minimum wages for all hours

4  worked, in amounts set by state law.

5      141.   Labor Code sections 1194(a) and 1194.2(a) provide that an employee

6  who has not been paid the legal minimum wage as required by Labor Code section

7  1197 may recover the unpaid balance together with attorneys' fees and costs of suit,

8  as well as liquidated damages in an amount equal to the unpaid wages and interest

9  accrued thereon.

10     142.   During all relevant periods, the California Labor Code and wage orders

11 required that Defendants fully and timely pay its non-exempt, hourly employees all

12 wages earned and due for all hours worked.

13     143.   The IWC Wage Orders define "hours worked" as "the time during

14 which an employee is subject to the control of an employer, and includes all the time

15 the employee is suffered or permitted to work, whether or not required to do so."

16     144.   At all times relevant, Plaintiff and Class Members consistently worked

17 hours for which they were not paid because Defendants frequently required Plaintiff

18 and the Class Members to work off the clock.

19     145.   Plaintiff is informed and believes that Defendants were aware that

20 Plaintiff and the Class Members were working off the clock and that they should

21 have been paid for this time.

22     146.   Defendant's policy and practice of not paying all minimum wages

23 violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197,

24 1197.1, 1198, and the applicable wage order 7-2001.

25     147.   Due to Defendants' violations of the California Labor Code and wage

26 orders, Plaintiff and the Class members are entitled to recover from Defendant their

27 unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action,

28 and pre-judgment and post-judgment interest, as well as liquidated damages.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME OWED**

**(By Plaintiff and the Class Against All Defendants)**

148.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

149.    During all relevant periods, Defendant required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

150.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 7-2001 and 9-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

151.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

152.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time

1   the employee is suffered or permitted to work, whether or not required to do so."

2   153.   At all times relevant, Plaintiff and Class Members consistently worked

3   hours for which they were not paid because Plaintiff and the Class Members were

4   required to work off the clock—some of these hours were over eight (8) hours in one

5   (1) workday or in excess of forty (40) hours in a workweek and should have been

6   paid at the overtime rate.

7   154.   Plaintiff is informed and believes that Defendants were aware that

8   Plaintiff and the Class Members were working off the clock and that they should

9   have been paid for this time.

10   155.   In addition, upon information and belief, Defendants failed to

11   incorporate all forms of compensation, including without limitation bonuses,

12   differentials, gift cards, and incentives, into the regular rate for overtime purposes.

13   156.   As a result, Defendants failed to pay Plaintiff and the Class members

14   earned overtime wages and such employees suffered damages as a result.

15   157.   Defendants knew or should have known Plaintiffs and the Class

16   Members were undercompensated as a result of these practices.

17   158.   Due to Defendant's violations of the California Labor Code, Plaintiff

18   and the Class members are entitled to recover from Defendants their unpaid overtime

19   wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-

20   judgment interest, statutory penalties, and liquidated damages.

21                          **SEVENTH CAUSE OF ACTION**

22              **FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

23                 **(By Plaintiff and the Class Against All Defendants)**

24   159.   Plaintiff incorporates by reference and realleges each and every

25   allegation contained above, as though fully set forth herein.

26   160.   Pursuant to Labor Code § 512, no employer shall employ an employee

27   for a work period of more than five (5) hours without providing a meal break of not

28   less than thirty (30) minutes in which the employee is relieved of all of his or her

duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

161.    During the relevant time period, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

162.    As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

163.    Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided, in part, because any such payments failed to include any incentives, gift cards, and other remuneration in the regular rate.

164.    Moreover, as a matter of policy and practice, upon information and belief, the Class members were also not provided second meal periods on days when shifts exceeded ten hours (and twelve hours), nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiff and the Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

165.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

166.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay at the regular rate for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

167.    As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be

determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

**(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

168.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

169.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

170.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

171.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick pay, and premium meal period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

172.    In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

173.    More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

174.    Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**

**PAYMENT OF WAGES EARNED WITH A GIFT CARD IN VIOLATION OF LABOR CODE §§ 212 AND 450**

**By Plaintiff and the Gift Card Subclass Against Defendants**

175.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

176.   Labor Code section 212 (a) provides:  No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

177.   Under California Labor Code § 200(a), "'Wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." This rather broad definition focuses on wages having an "amount" and being ascertained by a "method of calculation."

178.   In addition, California Labor Code § 450 provides that an employer may not "compel or coerce any employee ... to patronize his employer, or any other person, in the purchase of any thing of value."

179.   Here, as more fully set forth above, Defendants failed to pay all wages earned to Plaintiff and the Class Members in cash.  Rather, Defendants paid certain

non-discretionary sums, bonuses, and incentives via gift card in violation of the law.

180.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.5, 218.6, 221-224, 1194 and 1197, and the applicable IWC Wage Orders, and Civil Code section 3287.

## TENTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### By Plaintiff and the Class Against Defendants

181.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

182.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

183.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including

the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay….”

184.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

185.    Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.

186.    On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and

incompleteness of the wage statements Defendants provided to them.

187.     As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  Here, Plaintiff asserts the Defendant omitted required information, failed to accurately include all wages paid, all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal period premiums as required by law.

188.     To be clear, separate and apart from any derivative violations, Plaintiff alleges that Defendants failed to comply with the requirements of Labor Code section 226 by failing to list all sums earned, including those sums paid by gift card for meeting certain productivity benchmarks or goals.

189.     Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

190.     Plaintiffs and the members of the Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Class in that the members of the Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Class were misled by Defendants as to the correct information regarding various items,

including but not limited to gross wages earned, total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

191.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**By Plaintiff and Class Against All Defendants**

192.  Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

193.  Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

194.  Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq*.

195.  A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

196.  The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.  By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal periods or pay one (1) hour of premium pay at the regular rate when a meal period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders.  Defendants

further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, as well as failing to provide accurate itemized wage statement as specified above.

197.    Plaintiff further alleges that Defendants violated Labor Code section 1024.5 by running background and credit checks on individuals for whom such investigations were not authorized under the statute.

198.    In addition, Plaintiff alleges that Defendants violated Labor Code section 212 and 450 by failing to pay wages earned by Plaintiff and the Class Members in a form negotiable and payable in cash as required by the statute.  Plaintiff and the Class Members are entitled to restitution of the sums earned but not paid.

199.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

200.    Plaintiff and the Class Member lack an adequate remedy at law to redress these violations.

201.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period the relevant period; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

### TWELFTH CAUSE OF ACTION
### FAILURE TO REIMBURSE NECESSARY EXPENSES
### (By Plaintiff and the Class Against All Defendants)

202.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

203.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

204.   Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

205.   Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties. For example, Plaintiff and the Indemnification Class Members were required to incur numerous out of pocket expenses, including without limitation, mileage, in direct consequence of the discharge of their duties.

206.   Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

207.   As a result of the unlawful acts of Defendants, Plaintiff and the Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That Plaintiff be appointed as the representatives of the Subclasses; and

4.   That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### **On the First Cause of Action**

### Violation of FCRA

i.  A determination and judgement that Defendant willfully violated the 15 U.S.C. §1681b(b)(2)(A)(i) and (ii) of the FCRA by failing to make requisite disclosures and/or including liability release language in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

ii.  Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the FCRA CLASS in an amount equal to $1,000 for plaintiff and each FCRA CLASS Member for Defendant's willful violation of the FCRA;

iii.  Pursuant to 15 U.S.C. §1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

iv.  An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

v.  Such other and further relief as the Court deems just and equitable.

## **On the Second Cause of Action**

### Violation of FCRA

1.  A determination and judgment that Defendant willfully violated the 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii) of the FCRA by failing to make requisite disclosures and/or including liability release language in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

2.  Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the FCRA CLASS in an amount equal to $1,000 for Plaintiff and each FCRA CLASS Members for Defendant's willful violation of the FCRA;

3.     Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

4.     An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

5.     Such other and further relief as the Court deems just and equitable.

## On the Third Cause of Action

### Violation of ICRAA

### (Class Claim)

1.     A determination and judgment that Defendant willfully violated the ICRAA by failing to make requisite complete clear and conspicuous disclosures and/or including extraneous information in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and ICRAA SUBCLASS Members without having proper authorization to do so;

2.     An award of actual damages and/or statutory damages to Plaintiff and the members of the ICRAA SUBCLASS;

3.     An award of punitive damages to Plaintiff and other ICRAA SUBCLASS Members;

4.     An award for costs of suit and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1786.50;

5.     Such other and further relief as the Court deems just and equitable.

## On the Fourth Cause of Action

### Violation of CCRAA

### (Class Claim)

FIRST AMENDED COMPLAINT

1.    A determination and judgement that Defendant willfully violated the CCRAA by omitting the check box to request a copy of the credit report and/or by failing to make requisite complete clear and conscious disclosures and/or including extraneous information in its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and CCRAA SUBCLASS Members without having proper authorization to do so;

2.    Injunctive relief;

3.    An award of actual damages and/or statutory damages to Plaintiff and the members of the CCRAA SUBCLASS;

4.    An award of punitive damages to Plaintiff and other CCRAA SUBCLASS Member;

5.    An award for costs of suit and reasonable attorneys' fees pursuant to statute;

6.    Such other and further relief as the Ourt deems just and equitable.

### On the Fifth Cause of Action

(Failure to pay minimum wages)

(Class Claim)

1.    For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.    Penalties according to statute,

3.    Liquidated damages,

4.    Reasonable attorneys' fees, and costs of suit;

5.    For interest and

6.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to pay overtime)

(Class Claim)

1.      For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.      Penalties according to statute,

3.      Liquidated damages,

4.      Reasonable attorneys' fees, and costs of suit;

5.      For interest and

6.      For such other and further relief as the Court deems proper.

**On the Seventh Cause of Action**

(Failure to Provide Lawful Meal Periods)

(Class Claim)

1.      For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.      For reasonable attorneys' fees and costs pursuant to statute; and

3.      For such other and further relief as the Court deems proper.

**On the Eighth Cause of Action**

(Failure to Timely Pay Wages At Separation)

(Class Claim)

1.      For unpaid wages;

2.      For penalties pursuant to Labor Code § 203;

3.      For interest;

4.      For reasonable attorneys' fees and costs pursuant to statute; and

5.      For such other and further relief as the Court deems proper.

**On the Ninth Cause of Action**

(Payment of Wages Earned Via Gift Card in Violation of Labor

Code sections 212 and 450)

(Class Claim)

1. For the unpaid balance of the full amount of the bonuses/incentives earned;

2. Interest thereon,

3. Penalties according to statute,

4. Liquidated damages,

5. Reasonable attorneys' fees, and costs of suit;

6. For interest and

7. For such other and further relief as the Court deems proper.

**On the Tenth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

(Class Claim)

1. For statutory penalties, including penalties pursuant to Labor Code section 226;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems proper;

**On the Eleventh Cause of Action**

(Violation of the Unfair Competition Law)

(Class Claim)

1. That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, past failure to pay all wages earned in cash, past failure to pay bonuses/incentives, for Defendants' past failure to reimburse necessary expenses, for premium wages for meal periods that were not provided to

Plaintiff and Class Members; during the relevant time period in an amount according to proof;

2.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California <u>Code of Civil Procedure</u> § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.    For pre-judgment interest on any unpaid minimum, regular and overtime wages, as well as bonuses/incentives due from the day that such amounts were due;

4.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the <u>Labor Code</u>; and

5.    For such other and further relief as the Court deems proper.

<u>**On the Eleventh Cause of Action**</u>

<u>(Failure to Reimburse Necessary Expenses)</u>

<u>(Class Claim)</u>

1.    For unreimbursed sums;

2.    For reasonable attorneys' fees and costs pursuant to statute;

3.    For interest; and

4.    For such other and further relief as the Court deems proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated:   April 7, 2022                    */s/ Christina M. Lucio*

**JAMES HAWKINS, APLC**
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for JAIME GONZALEZ, on behalf of himself and all others similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2022 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: April 7, 2022                    */s/ Christina M. Lucio*
                                        Christina M. Lucio

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE