James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff Jaime Gonzalez,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and on behalf of himself and all others similarly situated, | Case No. 5:22-cv-00315 CJC (SHKx) |
| | [Riverside County Superior Court Case No. CVRI12105278]] |
| Plaintiff, | Assigned to the Hon. Cormac J. Carney |
| v. | **SECOND AMENDED COMPLAINT FOR DAMAGES FOR:** |
| PROBUILD COMPANY, LLC, a Delaware limited liability company, doing business as DIXIELINE LUMBER & HOME CENTERS; BUILDERS FIRSTSOURCE, INC., entity type unknown; and DOES 1-50, inclusive, | **1)    Failure to Pay Minimum Wages;** |
| | **2)    Failure to Pay Overtime Owed;** |
| | **3)    Failure to Provide Lawful Meal Periods;** |
| Defendants. | **4)    Failure to Timely Pay Wages Owed Upon Separation From Employment;** |
| | **5)    Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |
| | **6)    Violation of the Unfair Competition Law;** |
| | **7)    Failure to Reimburse Necessary Expenses** |
| | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JAIME GONZALEZ ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants BFS GROUP, LLC, a Delaware limited liability company formerly known as PROBUILD COMPANY, LLC, a Delaware limited liability company doing business as DIXIELINE LUMBER & HOME CENTERS; and BUILDERS FIRSTSOURCE, INC., entity type unknown; and DOES 1-50, inclusive (collectively "Defendants" or "ProBuild") as follows:

## INTRODUCTION

1.      This is a Class Action pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3).  The California Labor Code and wage and hour claims are brought on behalf of Plaintiff and any and all persons who are or were employed by Defendants as non-exempt, hourly employees in the State of California at any time from October 4, 2020 through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".).

2.      As to the wage and hour claims, Plaintiff alleges that Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal breaks; and timely payment of wages at termination.  Plaintiff alleges that all non-exempt employees in the state of California during the relevant time period were similarly impacted by Defendants' violations of the Labor Code and wage orders.

3.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal period compensation, unreimbursed

SECOND AMENDED COMPLAINT

expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay to Plaintiff and Class Members all of their wages, including bonuses, incentives, overtime and premium wages.

## JURISDICTION AND VENUE

5.     Defendants contend this Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Central District of California on diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

6.     Venue is proper in the Central District of California because the case was removed from the Superior Court of Los Angeles.  In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## PARTIES

7.     Defendant ProBuild Company, LLC is a Delaware limited liability company doing business as Dixieline Lumber & Home Centers in the state of California.  It is based at 2001 Bryan Street, Suite 1600, Dallas, TX 75201.

8.     Plaintiff is informed and believes that Defendant BFS Group LLC is formerly known as Pro Build Company LLC, and is the successor to ProBuild Company, LLC.

9.     Defendant Builders FirstSource is an entity of unknown type doing business in the state of California.  It is also based at 2001 Bryan Street, Suite 1600, Dallas, TX 75201.

10.     Upon information and belief, Defendants employ Non-Exempt Employees, like Plaintiff, throughout the State of California.

11.     Plaintiff Jaime Gonzalez is and during the liability period has been, a resident of California.

12.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

13.     Plaintiff and the members of the putative Class of Non-Exempt Employees were employed by Defendants as non-exempt employees, however titled, working for Defendants' in the State of California within the four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit.

14.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

15.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

16.     Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

17.     Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by

its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

18. During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

19. Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

20. During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position. He worked as a Material Handler/Assembler up to six days a week and typically ten hours per day. His average workweek was between 30 hours and 48 hours in the week. Most work days were approximately ten hours, however. Plaintiff worked overtime nearly every pay period during his employment with Defendants. Plaintiff's average hourly rate was $15.00 per hour, and his average overtime rate was $22.50 per hour.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

22. All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

23.     Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.  However, Plaintiff and the Class Members were not paid for all hours worked as they were often required to work off the clock to perform duties and job-related tasks pre- and post-shift, as well to respond to Defendants' demands and job-related inquiries (including during purported off-the-clock meal periods).

24.     As such, Plaintiff estimates that he and, upon information and belief, the Class Members were required to work off the clock at least one to two times per week during the relevant period.  As detailed above, Plaintiff worked overtime nearly every pay period as his regular shifts were typically approximately ten hours in a day, and he frequently worked in excess of forty hours in a workweek (while on the clock).  Thus, some of this off the clock time should have been compensated at the overtime rate.

25.     Further, Plaintiff alleges that during the October to November 2020 timeframe, his meal period was interrupted on at least three occasions and he was not compensated for the time spent responding to Defendants' demands.  Plaintiff further alleges, upon information and belief, that other Class Members were subject to the same policies and practices which led to frequent interruptions of meal periods.

26.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

27.     Plaintiff and, upon information and belief, the Class Members received non-discretionary gift cards, incentives, and other forms of remuneration for meeting certain markers, goals, or productivity requirements as a matter of Defendants' policy and practice.

28.     By way of example only, Defendants informed Plaintiff and the Class Members that they would receive a bonus for meeting certain productivity benchmarks/goals.   Plaintiff did, in fact, receive a gift card as bonus or incentive for meeting certain productivity benchmarks/goals in November 2020.  Other Class Members also received gift cards and bonuses/incentives for achieving certain productivity benchmarks/goals at the same time.  These sums constitute non-discretionary compensation that should have been factored into the regular rate of pay, but were not incorporated into the regular rate.  Accordingly, premiums, sick leave, and overtime hours worked were undercompensated.

29.     Plaintiff and the Class Members frequently worked overtime hours. That is, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek.

30.     There were two pay periods which encompassed Plaintiff's employment in November 2020: 10/31/2020 to 11/13/2020 and 11/14/2020 to 11/27/2020.

31.     In addition to the overtime hours that he worked off the clock as set forth above, Plaintiff's payroll records reveal that he worked overtime on the clock during both of these pay periods as well.  Thus, he was entitled to be paid overtime at the regular rate, but he was not.  Instead, he was paid overtime at 1.5 times the base hourly rate.

32.     Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including differentials, gift cards, and incentives, for Plaintiff and, upon information and belief, for the Class Members.

33.     Moreover, the amount of the gift cards and incentives were not reflected on Plaintiff's and, upon information and belief, the Class Members' wage statements.

34.     Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on

occasion, over ten hours in a day without being provided a second lawful meal period as required by law.

35.     Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law.  Not only were Plaintiff's and the Class Members' first meal breaks frequently not provided, untimely or short, but also Plaintiff and the Class Members were not provided a second meal period when working shifts in excess of 10 hours and in excess of 12 hours.

36.     Plaintiff and, upon information and belief, the Class Members were interrupted by demands from Defendants to resume work or respond to inquiries during meal periods at least once a month.

37.     Upon information and belief, Defendants interrupted said meals because they did not staff a sufficient number of employees to allow Plaintiff and the Class Members to have a timely duty-free meal period during said times.

38.     On information and belief, Plaintiff and Class Members did not waive their rights to a first or second meal period.

39.     Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

40.     By way of example only, as indicated above, Plaintiff and the Class Members received gift cards and incentive payments, including during the time period of November 1, 2020 to November 18, 2020.  The gift card and incentive payments were non-discretionary compensation for meeting certain benchmarks or productivity goals.  Thus, they should have been factored into the regular rate.  However, these sums were not factored into the regular rate for Plaintiff and the Class

Members. Accordingly, premiums were underpaid.

41. On occasion, when meal periods were not lawfully provided, Plaintiff and the putative class were paid meal period premiums. Indeed, Plaintiff was apparently paid 2 hours of meal period premium time during the pay period identified as 10/31/2021 to 11/13/2020. Again because the non-discretionary sums were not factored into the regular rate, premiums were underpaid as a matter of policy and practice for Plaintiff and the putative Class Members.

42. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

43. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

44. Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

45. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including straight time, overtime, meal period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified

violations.

46.     In addition to any derivative violation under Labor Code section 201-202 for failure to pay all wages owed at terminations, Defendants failed to pay Plaintiff and the Class Members all wages owed at the time of termination as required by law and did not pay waiting time penalties.

47.     By way of example, Plaintiff was terminated in person on or about November 18, 2020.  He did not receive his last paycheck on the same day he was terminated.  Rather, as a function of Defendants' policies and practices, the company mailed the paycheck to him several days later in violation of the requirements of Labor Code sections 201-202.

48.     Plaintiff is informed and believes that Defendants' failure to pay wages at owed at the time of termination is based upon Defendants' policies, procedures, and practices.  Accordingly, Plaintiff is informed and believes that the other Class Members were subject to the same violations.

49.     Moreover, despite this failure to timely pay wages at termination, Defendants failed to pay waiting time penalties as required by Labor Code section 203.

50.     Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

51.     Moreover, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including without limitation driving time and mileage, but were not reimbursed for such necessary expenses.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

53.     All claims alleged herein arise under California law for which Plaintiff

seeks relief as authorized by California law.

54.     The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendants as hourly paid, non-exempt employees in the State of California at any time from October 4, 2020 through resolution or trial of the matter.** (hereinafter collectively referred to as the "Class" or "Class Members").

55.     Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.     All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

b.     All Class Members who received gift cards for meeting certain productivity benchmarks or goals (collectively "**Gift Card Subclass**");

c.     All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

d.     All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

e.     All Class Members who worked more than ten hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

f.     All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

g. All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

h. All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

i. All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**").

56. Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

57. As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

a. <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

b. The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c. <u>Commonality:</u> There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

        i. Whether Defendants accurately paid Class Members for all hours worked;

        ii. Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

        iii. Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

        iv. Whether Defendants paid Plaintiff and the Class Members incentives or other non-discretionary sums that were not incorporated into the regular rate;

        v. Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

        vi. Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

        vii. Whether Defendants accurately calculated meal period premiums;

        viii. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

ix.     Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

x.     Whether Defendants omitted required information from itemized wage statements;

xi.     Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

xii.     Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

xiii.     Whether Defendants' conduct was willful and/or reckless;

xiv.     Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

xv.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law;

xvi.     Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802.

d.     <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal periods, failure to provide accurate wage statements, failure to provide sick leave, failure to timely pay wages at termination, failure to reimburse necessary expenses, failure to pay minimum wages, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.

Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

        e.    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

        f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in

the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws every day. However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### <u>FAILURE TO PAY MINIMUM WAGES</u>

**(By Plaintiff and the Class Against Defendants)**

58.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59.    Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

60.    Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61. Labor Code section 1197 provides: The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

62. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

63. The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

64. Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

65. During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

66. The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67. As detailed above, Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts. However, Plaintiff and the Class Members were not paid for all hours worked as they were often required to work off the clock to perform duties and job-related tasks pre- and post-shift, as well to respond to Defendants' demands and job-related inquiries (including during purported off-the-clock meal periods).

68.     As such, Plaintiff estimates that he and, upon information and belief, the Class Members were required to work off the clock at least one to two times per week during the relevant period.

69.     Further, Plaintiff alleges that during the October to November 2020 timeframe, his meal period was interrupted on at least three occasions and he was not compensated for the time spent responding to Defendants' demands.  Plaintiff further alleges, upon information and belief, that other Class Members were subject to the same policies and practices which led to frequent interruptions of meal periods.

70.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

71.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

72.     Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 7-2001.

73.     Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Class members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME OWED</u>
### (By Plaintiff and the Class Against All Defendants)

74.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

75.     During all relevant periods, Defendant required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

76.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 7-2001 and 9-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

77.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.   Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

78.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

79.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—many of these hours were over eight (8) hours in one

(1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

80.     Indeed, Plaintiff's payroll records indicate that he worked overtime nearly every pay period on the clock during his employment with Defendants. Thus, the off-the-clock time that he worked often constituted overtime hours.

81.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

82.     In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, differentials, gift cards, and incentives, into the regular rate for overtime purposes.

83.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

84.     Plaintiff and, upon information and belief, the Class Members received non-discretionary gift cards, incentives, and other forms of remuneration for meeting certain markers, goals, or productivity requirements as a matter of Defendants' policy and practice.

85.     By way of example only, Defendants informed Plaintiff and the Class Members that they would receive a bonus for meeting certain productivity benchmarks/goals. Plaintiff did, in fact, receive a gift card as bonus or incentive for meeting certain productivity benchmarks/goals in November 2020. Other Class Members also received gift cards and bonuses/incentives for achieving certain productivity benchmarks/goals at the same time.

86.     In addition to the overtime hours that he worked off the clock as set forth above, Plaintiff's payroll records reveal that he worked overtime on the clock during both of these pay periods as well.

87.     Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including gift cards, and incentives, for Plaintiff and, upon information and belief, for the Class Members.

88.     These sums constitute non-discretionary compensation that should have been factored into the regular rate of pay, but were not incorporated into the regular rate.  Thus, the overtime paid during these pay periods was underpaid.

89.     As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

90.     Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

91.     Due to Defendant's violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

**(By Plaintiff and the Class Against All Defendants)**

92.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

93.     Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

94.     During the relevant time period, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty

(30) minutes within the first five hours of a shift.

95.    As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

96.    Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided, in part, because any such payments failed to include any incentives, gift cards, and other remuneration in the regular rate.

97.    Moreover, as a matter of policy and practice, upon information and belief, the Class members were also not provided second meal periods on days when shifts exceeded ten hours (and twelve hours), nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiff and the Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

98.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

99.    Pursuant to <u>Labor Code</u> § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay at the regular rate for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

100.    As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

## (By Plaintiff and the Waiting Time Subclass Against All Defendants)

101.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

102.   Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

103.   Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

104.   Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick pay, and premium meal period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

105.   In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

106.   More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

107.   Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH

## ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

108.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

109.   Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

110.   Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

111.   Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in

the preceding causes of action and herein. Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

112. Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.

113. On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

114. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information. Here, Plaintiff asserts the Defendant omitted required information, failed to accurately include all wages paid, all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates. In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal period

premiums as required by law.

115.     To be clear, separate and apart from any derivative violations, Plaintiff alleges that Defendants failed to comply with the requirements of Labor Code section 226 by failing to list all sums earned, including those sums paid by gift card for meeting certain productivity benchmarks or goals.

116.     Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

117.     Plaintiffs and the members of the Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Class in that the members of the Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Class were misled by Defendants as to the correct information regarding various items, including but not limited to gross wages earned, total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

118.     Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

### By Plaintiff and Class Against All Defendants

119.     Plaintiff incorporates by reference and realleges each and every

allegation contained above, as though fully set forth herein.

120. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

121. Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq*.

122. A violation of California Business and Professions Code §§ 17200, *et seq*., may be predicated on the violation of any state or federal law.

123. The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action. By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal periods or pay one (1) hour of premium pay at the regular rate when a meal period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, as well as failing to provide accurate itemized wage statement as specified above.

124. In addition, Plaintiff alleges that Defendants violated Labor Code section 212 and 450 by failing to pay wages earned by Plaintiff and the Class Members in a form negotiable and payable in cash as required by the statute. Plaintiff and the Class Members are entitled to restitution of the sums earned but not paid.

125. Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

126.   Plaintiff and the Class Member lack an adequate remedy at law to redress these violations.

127.   Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period the relevant period; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

### SEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE NECESSARY EXPENSES
### (By Plaintiff and the Class Against All Defendants)

128.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

129.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

130.   Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

131.   Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties. For example, Plaintiff and the Indemnification Class Members were required to incur numerous out of pocket expenses, including without limitation, mileage, in direct consequence of the discharge of their duties.

132.   Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

133.   As a result of the unlawful acts of Defendants, Plaintiff and the Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representatives of the Subclasses; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### **On the First Cause of Action**

### (Failure to pay minimum wages)

### (Class Claim)

1. For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

### **On the Second Cause of Action**

### (Failure to pay overtime)

### (Class Claim)

1. For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5.    For interest and

6.    For such other and further relief as the Court deems proper.

### <u>On the Third Cause of Action</u>

<u>(Failure to Provide Lawful Meal Periods)</u>

<u>(Class Claim)</u>

1.    For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

### <u>On the Fourth Cause of Action</u>

<u>(Failure to Timely Pay Wages At Separation)</u>

<u>(Class Claim)</u>

1.    For unpaid wages;

2.    For penalties pursuant to <u>Labor Code</u> § 203;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

### <u>On the Fifth Cause of Action</u>

<u>(Failure to Provide Accurate Itemized Wage Statements)</u>

<u>(Class Claim)</u>

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

## On the Sixth Cause of Action

### (Violation of the Unfair Competition Law)

### (Class Claim)

1.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, past failure to pay all wages earned in cash, past failure to pay bonuses/incentives, for Defendants' past failure to reimburse necessary expenses, for premium wages for meal periods that were not provided to Plaintiff and Class Members; during the relevant time period in an amount according to proof;

2.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.      For pre-judgment interest on any unpaid minimum, regular and overtime wages, as well as bonuses/incentives due from the day that such amounts were due;

4.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.      For such other and further relief as the Court deems proper.

## On the Seventh Cause of Action

### (Failure to Reimburse Necessary Expenses)

### (Class Claim)

1.      For unreimbursed sums;

2.      For reasonable attorneys' fees and costs pursuant to statute;

3.      For interest; and

4.      For such other and further relief as the Court deems proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated:  August 1, 2022        /s/ Christina M. Lucio
                              **JAMES HAWKINS, APC**
                              James R. Hawkins, Esq.
                              Christina M. Lucio, Esq.

                              Attorneys for JAIME GONZALEZ, on behalf of
                              himself and all others similarly situated